### ZUCKERMAN v. MOSER.

(Supreme Court, Appellate Term. November 3, 1905.)

MASTER AND SERVANT—COMPETENCY OF EMPLOYÉ—EVIDENCE—CONCLUSION.

On the issue as to whether plaintiff, employed as a cook for defendant's hotel, was competent, testimony that the guests would not eat the meals prepared by her, but returned the food when served them, is not objectionable as a conclusion; it being directed to a simple fact, and there being no suggestion that the matter was not one as to which witness spoke from knowledge.

Appeal from Municipal Court, Borough of Manhattan, Fifth District.

Action by Mary Zuckerman against Henry Moser. From a judgment for plaintiff, defendant appeals. Reversed.

Argued before SCOTT, P. J., and BISCHOFF and FITZGERALD, JJ.

M. I. Price, for appellant.

J. Levy, for respondent.

PER CURIAM. The issue was whether the plaintiff was competent to perform her part of the contract, under which she was employed as

cook for the defendant hotel; and the defendant, to justify her discharge, endeavored to prove that the guests would not eat the meals prepared by the plaintiff and returned the food as it was served to them. Evidence to this effect was stricken out "as a conclusion." There was no suggestion that the matter was not one as to which the witness spoke from knowledge, and certainly the evidence was directed to a simple fact, as distinguished from a conclusion. The plaintiff's right to recover, upon the facts, was by no means obvious, and the exclusion of this evidence may well have prejudiced the defendant upon a very material issue, since the evidence unquestionably supported the defendant's claim that the agreement included a condition that the guests should be satisfied with the plaintiff's cooking.

Judgment reversed, and new trial ordered, with costs to the appellant to abide the event.